```
                                                          CLERK'S OFFICE U.S. DIST. COURT
                                                                AT ROANOKE, VA
                                                                     FILED

                                                              MAR 02 2017
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Action No. 7:07CR00085-01 |
| ) | (Civil Action No. 7:16CV81181) |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| KOA DANNETTE MACK, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Chief United States District Judge |

Koa Dannette Mack, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. The government has filed a motion to dismiss, to which Mack has responded, making the matter ripe for consideration. For the reasons that follow, the government's motion to dismiss will be granted and Mack's motion to vacate will be denied.

### Background

Mack was indicted by a federal grand jury on December 13, 2007. Count One of the indictment charged Mack with possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Count Two charged her with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Count Three charged her with possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Mack entered a plea of guilty to Counts One and Two, pursuant to a written plea agreement, on April 14, 2008. Count Three was dismissed at sentencing in accordance with the plea agreement.

Prior to sentencing, the probation officer prepared a presentence report, which designated Mack as a career offender under § 4B1.1 of the United States Sentencing Guidelines. The career offender designation was based on two prior convictions for controlled substance offenses: a 2000 conviction in the Circuit Court for the City of Roanoke for distribution of cocaine and

possession with intent to distribute cocaine, and a 2005 conviction in the same court for possession with intent to distribute cocaine. As a career offender, Mack was subject to an advisory guideline range of imprisonment of 262 to 327 months for the controlled substance offense, plus 60 months for the firearm offense.

Mack appeared for sentencing on July 28, 2008. The court adopted the presentence report and determined that Mack qualified for the career offender designation. However, based on multiple factors, the court varied from the career offender range, and imposed a total term of imprisonment of 262 months. Mack did not appeal her convictions or sentence.

On July 1, 2009, the government moved to reduce Mack's sentence for substantial assistance, pursuant to Federal Rule of Criminal Procedure 35(b). The court granted the motion and reduced Mack's total term of imprisonment to 180 months.

On August 31, 2016, Mack moved to vacate her sentence under 28 U.S.C. § 2255. Relying on the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), Mack argues that she no longer qualifies as a career offender and, thus, that she is entitled to resentencing.

Pursuant to Standing Order 2015-5, an attorney in the Office of the Federal Public Defender was appointed to represent Mack and provide supplemental briefing, if necessary, in light of Johnson. The attorney subsequently declined to file any additional pleadings and moved to withdraw from further representation. The court granted that motion on September 14, 2016, and directed the government to respond to the pending § 2255 motion.

On November 14, 2016, the government filed a motion to dismiss. The court notified Mack of the government's motion, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and gave her 21 days in which to file a response. After receiving an extension of time,

2

Mack filed a response to the government's motion on January 27, 2017. The matter is now ripe for review.

## Discussion

Section 2255 sets forth four grounds on which a prisoner in federal custody may collaterally attack her sentence: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of proof by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

In this case, Mack claims that she is entitled to resentencing because she no longer qualifies as a career offender under § 4B1.1 of the Sentencing Guidelines. Upon review of the record, the court concludes that this claim is without merit. Section § 4B1.1 provides that a defendant is a career offender if, among other factors, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). As summarized above, Mack had at least two prior felony convictions for controlled substance offenses at the time she committed the offense of conviction. Accordingly, Mack was properly designated as a career offender.

In seeking relief under § 2255, Mack relies upon the Supreme Court's decision in Johnson v. United States, in which the Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), is unconstitutionally vague. Johnson, 135 S. Ct. at 2555-57. However, Johnson has no application here. Mack was not sentenced under the residual clause of the Armed Career Criminal Act. Nor was her sentence based upon the residual clause previously

3

contained in § 4B1.2 of the Sentencing Guidelines. Instead, Mack was designated as a career offender because she had at least two prior felony convictions for controlled substance offenses. Because the definition of a "controlled substance offense" was not called into question by Johnson, the decision has no effect on the propriety of Mack's sentence. See United States v. Reid, No. 16-4318, 2016 U.S. App. LEXIS 21350, at *2 (4th Cir. 29, 2016) ("Johnson has no application where, as here, the designation of career offender is based on prior felony drug convictions."). Accordingly, Mack is not entitled to relief under § 2255.*

## Conclusion

For the reasons stated, the court will grant the government's motion to dismiss and deny Mack's § 2255 motion. Additionally, because Mack has failed to make a substantial showing of the denial of a constitutional right, the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 2d day of March, 2017.

Chief United States District Judge

---

* On June 27, 2016 the Supreme Court granted certiorari in Beckles v. United States, 136 S. Ct. 2510 (2016), a case that presents the question of whether Johnson applies to sentences imposed under the residual clause previously found in § 4B1.2(a)(2) of the Sentencing Guidelines, and, if so, whether that rule applies retroactively to cases on collateral review. Because Mack's career offender designation was not based upon the residual clause, it is unnecessary to await the Supreme Court's decision in Beckles. Likewise, because Johnson is clearly inapplicable to the defendant's case, the court need not address the other arguments raised in support of the government's motion to dismiss.

4